IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, CRIMINAL No: 25cr84

VS.

DYLAN WEYANDT, Electronically Filed

Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW, comes the Defendant, Dylan Weyandt, by and through his attorney, PATRICK K. NIGHTINGALE, ESQUIRE, who brings the within Sentencing Memorandum, and in support thereof sets forth the following:

1. Sentencing in this matter is scheduled for June 15, 2026, at 1:30 pm.

2. Defendant entered a plea of guilty to Counts 3 and 6 of the indictment charging him with Sexual Exploitation of Children in violation of 18 U.S.C. §§2251(a) and 2251(e).

3. Defendant's sentencing guidelines call for a term of life based on an Offense Gravity Score of 43 and a Criminal History Category of I. Defendant's advisory guidelines range falls within Zone D of the Sentencing Guidelines.

4. The parties have stipulated that an appropriate sentence is between fifteen (15) and thirty (30) years' incarceration. Defendant has agreed to pay mandatory restitution of a minimum of $3,000.00 per victim.

**THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. §3553 SUPPORT A SENTENCE OF 180 MONTHS**

5. Paragraphs 1 through 3 are incorporated as though set forth at length herein.

6. Defendant believes and, therefore, avers that the sentencing factors set forth in §3553 support the Defendant's request for a sentence of 180 months.

7. Section 3553(a) and (b) provides that the sentence imposed should:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for—
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> **(5)** any pertinent policy statement--
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

*Id.*

8. Turning to the sentencing factors set forth in §3553, Defendant submits that a sentence of fifteen (15) years satisfies the provisions of §3553.

*The nature and circumstances of the offense and the history and characteristics of the defendant*

The offense conduct in the instant matter is clearly very serious. The mandatory minimum sentence associated with the offense conduct and the Advisory Sentencing Guidelines clearly reflect the seriousness of the offense conduct. Defendant does not seek to minimize his conduct nor minimize the effect that his conduct had on his victims, especially Victim B who provided a Victim Impact Statement and who continues to treat for the trauma caused by Defendant's victimization of her.

Defendant's offense conduct at Counts 3 and 6 took place over a relatively brief period from November 2022, through December 2022. Admittedly, Defendant's conduct was threatening in that he threatened both Victim B and Victim C with publishing the intimate materials they shared with him. While Victim B sent multiple images/videos of herself to him, Victim C only sent one image/video that qualified as child sexual abuse material (CSAM). There is no evidence in this matter that Defendant ever shared any of the CSAM from Victim B or Victim C in this matter[1], nor is there any evidence that Defendant had any inappropriate physical contact with any minor.

The Mitigation Report, attached hereto and made a part hereof, serves to help this Honorable Court learn about Defendant, and how his own history of trauma and substance abuse led him to his offense conduct, guilty plea, and sentencing. As the Report details, self-medicating with controlled substances proved a poor substitute for appropriate mental health treatment to address Defendant's undiagnosed anxiety. "Instead of receiving structured mental health care, emotional support, or long-term therapeutic intervention, Mr. Weyandt increasingly turned toward self-medication. Over time, substances appear to have become less about recreation and more about emotional survival . . . . For Mr. Weyandt, substance use appears to have become deeply intertwined with his emotional functioning and identity development. Rather than learning healthy ways to regulate stress, discomfort, loneliness, or anxiety, substances became the mechanism through which he coped with life itself." Defendant shared with Mr. Sims that he was having significant behavioral issues in high school, frequently fighting, which led to his moving to Columbus to live with his father and stepmother.

As within counsel and Ms. Khantrece began working with Defendant, a clearer and more comprehensive picture of Defendant's history of substance abuse became apparent. "By the time of the offenses, Mr. Weyandt's longstanding struggles with anxiety, emotional dysregulation, poor coping skills, and chronic substance abuse had compounded over many years. These cumulative impairments likely significantly affected his judgment, impulse control, emotional regulation, and decision-making abilities. Importantly, the available information does not presently provide sufficient clinical clarity regarding the underlying motivations for the offense conduct itself."

---

[1] Part of Congress' intent in passing 18 U.S.C. §2251 was to combat the interstate trafficking of child pornography. *See United States v. Holston,* 343 F.3d 83 (2nd Cir. 2003) (Court noted substantial commercial market for child pornography fed by homemade or amateur pornographers.

*The need for the sentence imposed (seriousness, protection, deterrence, rehabilitation)*

A sentence of fifteen (15) years followed by a period of at least five (5) years of supervised release will be sufficient to reflect the seriousness of the offense conduct. As set forth above, the offense conduct took place over approximately one month in November – December 2022, approximately thirty (30) months prior to Defendant's indictment and arrest in the instant matter. A sentence of fifteen years will protect the community from any future offense conduct of this nature and will adequately deter Defendant from future offense conduct. Simply stated, Defendant had never been incarcerated before – he is hardly an individual for whom incarceration is just "the cost of doing business". Most importantly, Defendant will have sexual offender therapy and counseling available to him within the Bureau of Prisons.[2]

*The kinds of sentences available*

Defendant's sentence falls within Zone D of the Sentencing Guidelines which calls for incarceration.

*The kinds of sentences and the sentencing range*

Defendant respectfully requests this Court sentence Defendant fifteen (15) years' incarceration.

*Any pertinent policy statement*

None are applicable.

*Avoiding unwarranted sentencing disparity*

A sentence six months below the Advisory Guidelines range would not create any unwarranted disparity.

*Restitution*

Restitution is mandatory and Defendant accepts his restitution obligations in this matter.

9. Further, and in consideration of the sentencing factors set forth in §3553, Defendant respectfully requests this Honorable Court impose a sentence of 40 months incarceration.

---

[2] Defendant will ask this Honorable Court to designate him to FCI Elkton which offers sexual offender treatment.

Respectfully Submitted,

/s/ *Patrick K. Nightingale*

Patrick K. Nightingale, Esquire

PA ID# 76015
304 Ross Street, Suite 400
Pittsburgh, PA 15219
412.454.5582
412.454.5583 (facsimile)
pknlaw@mac.com